**IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| JOHN HALL, Individually and for Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) ) ) Civil Action No. 3:18-cv-00321-JAG |
| v. | ) ) |
| DOMINION ENERGY, INC., *et al.* | ) ) ) |
| Defendants. | ) |

**SYSTEM ONE HOLDINGS, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF
JOHN HALL'S MOTION TO COMPEL COMPLIANCE WITH THIRD PARTY
SUBPOENA – SYSTEM ONE HOLDINGS**

System One Holdings, LLC ("System One"), by and through its attorneys, Clark Hill PLC, hereby appears specially and solely for the purpose of responding to and opposing "Plaintiff John Hall's Motion to Compel Compliance with Third Party Subpoena – System One Holdings" and the Memorandum in Support (Dkt. 70 & 71) (hereafter collectively referred to as the "Motion") that Plaintiff John Hall ("Hall") filed in the above-captioned matter. The Motion should be denied because, among other reasons that follow, the non-party Subpoena (defined below) that underlies the Motion is a thinly-veiled attempt by Hall to stir up litigation among various System One Workers (defined below), all of whom have each provided unequivocal notice that they want to handle their claims in an individual arbitration, not a collective action, and who, as a result, cannot participate in the in the above-captioned matter, in any event.

## FACTS

Hall served a non-party subpoena dated March 11, 2019 (the "Subpoena")[1] on System One in connection with Hall's lawsuit against his employer, Dominion Energy ("Dominion") in the above-captioned case brought under the Fair Labor Standards Act ("FLSA") (the "Litigation"). Hall's Subpoena (and the current Motion) sought the identity, contact information, and detailed pay information for certain System One workers who were staffed at Dominion during the "RELEVANT TIME PERIOD" (as defined by the Subpoena) (the "Workers"). *See* Dkt. 71-2 at PageID# 1093-94.

Each and every Worker has agreed to be bound by individual arbitration agreements that explicitly cover overtime pay claims (among others) against System One and/or System One's clients, including Dominion. *See* Dkt. 71-2 at PageID# 1100-1107 (blank Arbitration Agreement representative of that to which each Worker has agreed to be bound). Specifically, the Arbitration Agreement states:

> System One and [Worker] **mutually consent to the resolution by arbitration of all claims or controversies** (including tort, contract or statutory), whether or not arising out of [Worker's] employment […] that [Worker] may have against System One, **or that [Worker] may have against System One's client(s), if [Worker's] claim against System One's client(s) arises out of [Worker's] employment with System One** (together, all of these are referred to as "claims"), except claims excluded in the following Section 4.3. **Claims covered by this Agreement include, but are not limited to, claims for wages, bonuses, overtime pay, or other compensation due**[.] . . . Any and all claims must be brought in [the Worker's] **individual capacity**, and not as a plaintiff, representative class member or class member in any purported class, collective, or representative proceeding."

---

[1] References to "Subpoena 1" through "Subpoena 6" are to Exhibit A of the Subpoena, which list out the specific documents previously requested. *See* Dkt. 71-2 at PageID# 1093-94.

2

*Id.* at PageID# 1103 (emphasis added).[2] System One timely mailed its Subpoena objections to Hall on March 20, 2019. *See id.* at PageID# 1095-99. Thereafter System One's counsel conferred with Hall's counsel over the Subpoena, but no agreement regarding the production of information was reached.

## ARGUMENT

I. **HALL IS NOT ENTITLED TO INFORMATION ABOUT INDIVIDUALS WHO CAN NEVER PARTICIPATE IN THE LITIGATION BECAUSE THEY ARE BOUND BY AN ENFORCEABLE INDIVIDUAL ARBITRATION AGREEMENT.**

This Court should not compel System One to provide any information about individuals who have agreed that they will not become parties to the Litigation because their valid and binding Arbitration Agreements explicitly state they are not entitled to participate as "plaintiffs, representative class member[s,] or class member in **any purported class, collective, or representative proceeding**." Dkt. 71-2 at PageID# 1103 (emphasis added).[3] Hall has not disputed the enforceability of the Arbitration Agreement. Courts throughout the country have routinely denied the sending of FLSA opt-in notices to individuals who are subject to an established applicable enforceable individual arbitration agreement (e.g., the Workers), especially since the United States Supreme Court's decision in *Epic Systems* removed all doubt about the enforceability of collective and class action waivers in individual arbitration agreements.

---

[2] Pursuant to *Epic Systems Corp. v. Lewis,* 138 S. Ct. 1612 (2018) and the Federal Arbitration Act ("FAA"), arbitration agreements with collective action waivers are presumptively valid. Therefore, absent evidence to the contrary, the agreements should be enforced. Moreover, System One's Arbitration Agreement was enforced recently in an FLSA collective action to compel the arbitration of that worker's claims. *See* Dkt. 12 & 13 in *Shelton. v. AECOM Energy & Construction, Inc.*, Civil Action No. 4:17-cv-1669 (S.D. Tex.).

[3] Hall, through his counsel, has offered some concessions and/or purported protections with reference to a document production by System One, but these concessions do not account for the fact that the individuals at issue are bound by arbitration agreements and thus cannot be a part of Hall's collective. Plainly, the documents are irrelevant to the instant matter and System One's objections should stand. Also, the concessions and purported protections offered, while they appear protective on the surface, are not given that Hall's counsel has admitted that the information derived from the data could be used for future litigation.

3

Hall appears to claim that System One (a nonparty to the Litigation) cannot rely on the presumptively enforceable applicable Arbitration Agreement to oppose the Subpoena, because doing so purportedly would allow "any joint employer with control over labor suppliers/vendors [to] circumvent violations of the nation's wage laws simply by contending that the facts do not justify the courts' involvement – avoiding this discovery would then render the avoidance of the law itself a self-fulfilling prophesy." Dkt. 71 at 4-5.

Contrary to Hall's blanket and unsupported contention to the contrary, System One is not seeking to circumvent any laws; it is asking that the Workers' Arbitration Agreements be given the legal effect that the United States Supreme Court, the Fourth Circuit, and numerous other Circuit and District Courts have indicated is appropriate under the FAA. This precedent precludes this Court's involvement in any Worker overtime pay claims that, because of the existence of the Arbitration Agreement, are not within the purview of the Litigation (hereafter summarily referred to as the "Contention").

In the Fourth Circuit case of *Adkins v. Labor Ready, Inc.*, 303 F.3d 496 (4th Cir. 2002), the Court held: (a) courts within this Circuit have "**no choice** but to grant a motion to compel arbitration where a **valid arbitration agreement exists and the issues in a case fall within its purview**" (*id.* at 500 (emphasis added)); and (b) "FLSA claims may properly be resolved in mandatory arbitration proceedings" (*id.* at 506). Notably, Hall's Motion does not contest in any way System One's detailed argument set forth in its Objections about the validity (per Virginia contract law) and applicability of the Arbitration Agreement to this Litigation. *See* Dkt. 72-1 at PageID# 1096-97 (System One incorporates that Objection argument here, as well as all other specific and general objections to Subpoena 1-3 in the Objection). In fact, an identical version of the Arbitration Agreement was enforced recently to compel a worker to arbitrate an FLSA

4

collective action. *See* Dkt. 12 & 13 in *Shelton. v. AECOM Energy & Construction, Inc.*, Civil Action No. 4:17-cv-1669 (S.D. Tex.).

System One's request to give legal effect to the Workers' Arbitration Agreements does not circumvent any FLSA violations because, as this Court has recognized:

> Requiring Plaintiffs to arbitrate their claims individually does not diminish either the remedial or protective functions of the FLSA. *See Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 227 (1987) (holding that an arbitration agreement may be invalidated if party opposing arbitration shows that Congress intended another federal statute to preclude waiver of that statute's judicial remedy). Moreover, all of the remedies available under the FLSA will be available in arbitration. Accordingly, Plaintiffs' statutory rights will be adequately preserved in arbitration, even in the absence of a collective action.

*Johnson v. Carmax, Inc.,* No. 3:10-CV-213, 2010 WL 2802478, at *4 (E.D. Va. July 14, 2010) (citing *Shearson/Am. Express, Inc. v. McMahon,* 482 U.S. 220, 227 (1987)). This is especially true in light of the *Epic Systems* decision.

In *Epic Systems*, the Supreme Court definitively held that arbitration agreements, like those agreed to by the Workers, are enforceable. In the wake of the *Epic Systems* decision, earlier this year, the Fifth Circuit held that based on the Supreme Court opinion controlling the FLSA collective action opt-in process (*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989)),[4] district courts have no discretion "to send or require notice of a pending FLSA collective action to employees who are unable to join the action because of binding arbitration agreements." *In re JPMorgan Chase & Co.,* 916 F.3d 494, 504 (5th Cir. 2019).

Cases that have been decided since the *Epic Systems* decision with known enforceable applicable agreements like the one in this instance have held that this new reality means:

> It would waste everyone's time and resources to conditionally certify a group of individuals that the Court is virtually certain to decertify at step two. **This is not to mention the risk of confusion to and subsequent disappointment of the employees who have signed the arbitration agreement.** Moreover, if the Court

5

221479008.1 89600/181301

> granted plaintiffs' request, it would likely precipitate an immediate motion by defendants to compel arbitration of these employees' claims on an individual basis. **This motion practice would forestall the collective action process and likely eliminate these plaintiffs from the collective anyway – all before we had proceeded to the second step.**

*Lanqing Lin v. Everyday Beauty Amore Inc.*, No. 18-CV-729 (BMC), 2018 WL 6492741, at *4 (E.D.N.Y. Dec. 10, 2018) (emphasis added); *see also Dietrich v. C.H. Robinson Worldwide*, *Inc.*, 18-C-4871 (N.D. Ill. March 20, 2019) (declining to order notice to be sent to putative FLSA collective action members with arbitration agreements); *Longnecker v. Am. Exp. Co.*, No. 2:14-CV-0069-HRH, 2014 WL 4071662, at *7 (D. Ariz. Aug. 18, 2014); *Fischer v. Kmart Corp.*, No. CIV. 13-4116, 2014 WL 3817368, at *7–8 (D.N.J. Aug. 4, 2014).

Hall claims, in his Motion, without elaboration, that "[d]istrict courts routinely issue notice to putative class members regardless of collateral arbitration issues" and cited to irrelevant cases to support his position. Dkt. 71 p. 5. For example, the *Romero v. Clean Harbors Surface Rentals USA, Inc.*, No. 18-cv-10702-PBS, ECF No. 53 (D. Mass. Mar. 21, 2019) cited by Hall only once discusses an arbitration agreement, and even then, the discussion was only to state that the original named plaintiff (Metro) requested that his (Metro's) claims be dismissed after it was discovered that an "arbitration agreement [was] in [Metro's] employment contract." *Id.* at *4. The only other cases to which Hall cites are contained in a single footnote. Each of the cases cited in the footnote in Hall's Motion dealt with circumstances where the enforceability of the specific arbitration agreements was unclear, which is not the case here as the enforceability and applicability of the Workers' Arbitration Agreement has not been contested. Hall's three footnote decisions also were decided prior to the *Epic Systems* case, at a time when there was some disagreement over whether a class or collective action waiver in an arbitration agreement was enforceable.

6

The Workers have agreed that they will exclusively resolve any and all of their claims against System One and/or its client (Dominion) in individual arbitration. The Workers thus **cannot** be a party to this Litigation as the Supreme Court has explicitly ruled that an individual arbitration agreements "must be enforced as written." *Epic Sys. Corp.*, 138 S. Ct. at 1632. Because the Workers cannot participate in the Litigation, requiring System One to produce the Workers' pay and hour records, not to mention contact information, is not a good use of judicial resources and such information is wholly irrelevant to this Litigation. As such, System One should not be compelled by this Court to produce information responsive to the Subpoena.

## II. HALL'S REQUEST IS NOTHING MORE THAN A WAY TO STIR UP LITIGATION

Hall's Motion is not aimed at this Litigation, but instead is a thinly disguised attempt to stir up subsequent litigation. Notably, Hall's counsel has openly admitted to System One that Hall's counsel intends to use the information that is the subject of Hall's Motion to Compel for future litigation outside the current Litigation. Hall's counsel does not even try to hide their intentions as the Motion explicitly recognizes that his counsel's "reasonable concessions" regarding the identities and contact information for Workers is temporary and conditional. *See* Dkt. 71 at p. 2 & 4.

The Fifth Circuit's *JPMorgan* decision addressed how Supreme Court precedent explicitly sought to avoid such obvious attempts to stir up litigation. The Fifth Circuit recognized that two-step certifying courts apply a lenient standard at the first step (conditional certification) and most discovery occurs afterwards. *In re JPMorgan Chase & Co.,* 916 F.3d at 501 (citing in part to *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995)). However, the Fifth Circuit also recognized "district courts do not have unbridled discretion to send opt-in notices," but:

> Instead, the purpose of giving discretion to facilitate notice is because of the need for "efficient resolution in one proceeding of common issues." *Id*. at 170, 172–73,

7

> 110 S.Ct. 482. Notifying Arbitration Employees reaches into disputes beyond the "one proceeding." And alerting those who cannot ultimately participate in the collective "merely stirs up litigation," which is what *Hoffmann-La Roche* flatly proscribes. *Id.* at 174, 110 S.Ct. 482.

*Id.* at 502 (citations are to *Hoffmann-La Roche Inc.*, 493 U.S. 165). Further, the Fifth Circuit also held in a footnote that the opt-in notice is "supposed to help facilitate the current lawsuit, not to affect individual arbitrations that might involve similar claims." *Id.* at 502 n.16; *see also Hudgins v. Total Quality Logistics, LLC*, No. 16 C 7331, 2017 WL 514191 (N.D. Ill. Feb. 8, 2017) (holding once the court found plaintiff's arbitration agreement enforceable that other workers subject to the agreement were not authorized to receive notice of the collective action). Hall cannot dispute that it is seeking to do that which our Supreme Court has warned against. Hall's counsel thus brought the Motion without proper purpose to harass System One, especially since System One notified Hall's counsel that the Workers could never be a part of the Litigation due to their Arbitration Agreements. This Court should deny Hall's Motion because it seeks information irrelevant to the current Litigation, as the Workers are not legally entitled to be part of this lawsuit or any other lawsuit that is not brought in the proper forum (i.e. individual arbitration).

## CONCLUSION

For all the aforementioned reasons, System One Holdings, LLC respectfully respects that Hall's Motion be denied and that System One be granted its attorney's fees and costs in responding to this Motion. *See* Local Civil Rule 7(G).

Date: April 15, 2019  /s/ J. William Eshelman
  J. William Eshelman, Esq. (VSB No. 17583)
  Clark Hill PLC
  1001 Pennsylvania Avenue, N.W,
  Suite 1300 South
  Washington, DC  20004
  Telephone:  (202) 552-2374

8

221479008.1 89600/181301

                                                Facsimile:   (202) 572-8692
                                                Email:       weshelman@clarkhill.com

*Counsel for System One Holdings, LLC*

221479008.1 89600/181301