IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN HALL,
                Plaintiff,

v.                                                            Civil Action No. 3:18-cv-321

DOMINION ENERGY, INC., et al.,
                Defendants.

## ORDER

This matter comes before the Court on the plaintiff's motion to compel compliance with a third-party subpoena duces tecum to System One Holdings, LLC ("System One"). (Dk. No. 70.) In this case, the plaintiff, John Hall, has sued Dominion Energy, Inc. ("Dominion"), Virginia Electric and Power Company, and Strategic Contract Resources, LLC. Hall contends that Dominion applies a policy of underpayment for overtime work across its subsidiaries and vendors in violation of the Fair Labor Standards Act ("FLSA").

The Court has not yet certified this case as an opt-in class action under the FLSA. After the Court denied Dominion's motion for a protective order, the parties agreed to participate in class-wide mediation. The parties also agreed to gather relevant pay data to facilitate mediation.[1] To that end, Hall sought pay data and documents from System One, a Dominion vendor.

System One refuses to comply with Hall's subpoena, citing individual arbitration agreements with its workers. System One says that its workers cannot participate in this litigation

---

[1] *See* Dk. No. 66, at 2 ("Defendants will not object to or otherwise challenge subpoenas issued by Plaintiff. Notwithstanding the deadline, and with the aim of facilitating the issuance of pay record subpoenas to non-cooperating staffing vendors by Plaintiff, Defendants will promptly notify Plaintiff of non-cooperating vendors producing data on a rolling basis.").

because the arbitration agreements prevent the Court from issuing notice to its workers at the conditional certification stage.[2]

Even if System One's arbitration agreements preclude conditional certification, the Court has not yet certified this case as an opt-in class action under the FLSA. Nor has System One moved to compel arbitration in response to a motion for conditional certification. *Cf. Adams v. Citicorp Credit Servs., Inc.*, 93 F. Supp. 3d 441, 456 (M.D.N.C. 2015) (granting in part the employer's motion to compel arbitration at the conditional certification stage). Instead, Hall seeks the information from System One "[t]o facilitate mediation on a class wide basis" and agrees to "destroy the documents if settlement is not reached." (Dk. No. 71, at 1-2.)

Thus, the issue here is whether Hall may subpoena pay data from System One as part of the parties' efforts to resolve this case through class-wide mediation. Whether System One's arbitration agreements bar conditional certification is a question for another day. Because System One's reliance on the arbitration agreements is misplaced at this stage of the proceedings, the Court GRANTS the motion to compel. Within five (5) days of this Order, System One shall respond to the subpoena requests as limited by counsel for the plaintiff. (*See* Dk. No. 71, at 2.)

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 26 April 2019
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

---

[2] *See In re JPMorgan Chase & Co.*, 916 F.3d 494, 501 (5th Cir. 2019) ("[D]istrict courts may not send notice to an employee with a valid arbitration agreement unless the record shows that nothing in the agreement would prohibit the employee from participating in the collective action."). *But see Camara v. Mastro's Rests. LLC*, 340 F. Supp. 3d 46, 59 (2018), *appeal docketed*, No. 18-7167 (D.C. Cir.) ("The majority of district courts . . . have determined that the fact that some employees 'have signed arbitration agreements does not preclude conditional certification' as to all employees." (quoting *Maddy v. Gen. Elec. Co.*, 59 F. Supp. 3d 675, 685 n.7 (D.N.J. 2014))).