IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN HALL,
          Plaintiff,

v.                                                    Civil Action No. 3:18-cv-321

DOMINION ENERGY, INC., et al.,
          Defendants.

## ORDER

This matter comes before the Court on the motion for reconsideration filed by System One Holdings, LLC ("System One"). (Dk. No. 79.) The plaintiff, John Hall, previously moved to compel System One to respond to its thirty-party subpoena duces tecum. System One had refused to comply with the subpoena, citing individual arbitration agreements with its workers. The Court granted the motion to compel, explaining that System One could not rely on its arbitration agreements because Hall sought the information from System One as part of the parties' efforts to resolve this case through class-wide mediation.[1] The Court directed System One to respond to the subpoenas within five days of its Order.

Instead of complying with the Court's Order, System One now asks the Court to reconsider and deny the motion to compel. System One says that the parties' settlement agreement "does not include System One and does not cover System One employees, thus rendering the purported need for Plaintiff to secure employee data from System One unnecessary, irrelevant[,] and moot." (Dk. No. 80, at 1.)

---

[1] After Hall filed the motion to compel, the parties to this case reached a settlement agreement. (*See* Dk. No. 76.)

In fact, the settlement agreement includes five System One workers. In a declaration attached to Hall's response in opposition to the motion for reconsideration, counsel for Hall explained that the parties "obtain[ed] the names, hours, and bill rates for 5 workers from System One staffed to Dominion," but that the parties lack "the actual pay data required to calculate the exact share of the settlement" and the necessary contact information for the workers. (Dk. No. 81-1, at ¶¶ 9-10.) Thus, Hall needs the pay data and employee information from System One so that the five workers included in the settlement will receive their allocated settlement funds.

Courts grant motions for reconsideration of interlocutory orders "only in narrow circumstances: (1) the discovery of new evidence, (2) an intervening development or change in the controlling law, or (3) the need to correct a clear error or prevent manifest injustice." *Bullabough v. Watson*, No. 3:11-cv-639-RJC, 2012 WL 664943, at *1 (W.D.N.C. Feb. 20, 2012). System One says that the settlement qualifies as an "intervening development" justifying reconsideration. Although motions to reconsider interlocutory orders are "not subject to the same 'strict standards' applicable to motions for reconsideration of a final judgment," *id.* (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003)), the intervening settlement agreement here increases Hall's need for the requested information. Because five System One workers were included in the settlement class, Hall needs the information to facilitate the settlement.

Accordingly, the Court DENIES the motion for reconsideration. (Dk. No. 79.) Within five (5) days of this Order, System One shall respond to the subpoena requests as previously ordered. (*See* Dk. No. 78.)

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 13 May 2019
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

2