# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

### SUMMARY

1.     This Settlement Agreement and Release ("Settlement" or "Settlement Agreement") resolves all Fair Labor Standards Act (FLSA) claims asserted in *Hall v. Dominion Energy, Inc., et al.*

2.     Plaintiff John Hall and Defendants Dominion Energy, Inc. ("Dominion"), Virginia Electric and Power Company ("VEPCO"), and Strategic Contract Resources, LLC ("SCR") (collectively, "The Parties") agree to a total settlement of the following:

    a.     Gross Settlement Amount: Three Million Eight Hundred Thousand Dollars ($3,800,000.00)

    b.     Attorney Fees: One Million Three Hundred-Thirty Thousand Dollars ($1,330,000.00)

    c.     Costs and Expenses: One Hundred Thousand Dollars: ($100,000.00) – Capped.

    d.     Enhancement Award: Twenty Thousand Dollars ($20,000.00)

    e.     Reserve Fund: Two Hundred Eighty-One Thousand Ninety-One and 85/100 Dollars ($281,091.85)

    f.     Net Settlement Amount: Two Million Sixty-Eight Thousand Nine Hundred Eight and 20/100 Dollars ($2,068,908.20)

3.     The Parties agree to request approval of the Settlement by the Court, and the Settlement is conditioned on the Court giving approval.

4.     As soon as the Settlement Agreement is signed, Dominion will begin to undergo reasonable efforts to gather and provide the Settlement Class Members' names, phone numbers, email addresses, last known physical addresses, Social Security numbers, dates of employment, and updated payroll data, to a Settlement Administrator mutually agreeable to the Parties and Class Counsel. If a Staffing Vendor refuses to provide the necessary information, the Parties will seek assistance of the Court.

5.     The Parties agree to send a Notice Packet and Settlement Check to all Settlement Class Members through the Settlement Administrator.

6.     By depositing, endorsing, or otherwise negotiating the Settlement Check, each Participating Plaintiff shall release the Parties and the Staffing Vendors, as defined herein, from all FLSA and state wage and hour claims arising out of the time claimed to have worked for Dominion during the Class Period.

7.     Half of the Settlement Check shall be considered as wages earned by Settlement Class Members and paid via Internal Revenue Service (IRS) Form W-2 and the other half shall be considered as payment for non-wage penalties and liquidated damages via IRS Form 1099.

### DEFINITIONS

1.     The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

    a.     "Action" means *John Hall, individually and on behalf of all similarly situated*

*individuals, v. Dominion Energy, Inc., et al,* at C.A. 3:18-cv-321 pending in the United States District Court for the Eastern District of Virginia, Richmond Division.

        b.      "Approval Order" means the Court's Order approving the Settlement and entering judgment.

        c.      "Class Counsel" means Josephson Dunlap LLP; Bruckner Burch, P.L.L.C.; and Butler Royals, PLC.

        d.      "Class Period" means the period from May 14, 2015 through July 30, 2019.

        e.      "Court" means the United States District Court for the Eastern District of Virginia, Richmond Division.

        f.      "Defendant's Counsel" means Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

        g.      "Dominion" means Dominion Energy, Inc. and its subsidiaries (*see* Table 1).

        h.      "Settlement Class Member" means the 368 prospective collective members identified by Class Counsel at the mediation of this matter, who worked on Dominion projects during the Class Period and were paid straight time for overtime.

        i.      "Effective Date" means the first business day after the Court's Approval Order.

        j.      "Fee Award" means the award of attorneys' fees to be paid to Class Counsel for the services they rendered to Plaintiffs and the Settlement Class in the Action.

        k.      "Gross Settlement Amount" means the maximum amount that Dominion shall pay in exchange for the release by Hall and the Settlement Class Members, which is the gross sum of Three Million Eight Hundred Thousand Dollars and Zero Cents ($3,800,000.00), inclusive of the employer's share of FICA and FUTA payroll taxes

        l.      "Settlement Class" or "Settlement Class Members" means all 368 persons for whom data has been provided prior to mediation.

        m.      "Net Settlement Amount" means the Gross Settlement Amount less: (i) $20,000.00 for Hall and Dennis Klapatch for their efforts in bringing and prosecuting this matter and moreover, in exchange for their Released Claims executed in favor of Dominion, VEPCO and SCR; (ii) the payment of attorneys' fees to Class Counsel of $1,330,000.00; (iii) the payment of out-of-pocket costs incurred by Class Counsel which currently are capped at $100,000.00, inclusive of the Settlement Administrator's costs related to administering this Settlement; and (iv) a Reserve Fund of $281,091.85.

        n.      "Notice" means the informative packet provided to the Settlement Class Members regarding the important terms of the settlement. Included in the Notice packet is each Settlement Class Member's settlement check, which shall be mailed and emailed.

        o.      "Participating Plaintiff" means all individuals who cash a settlement check.

p.      "Parties" means Hall, Dominion, VEPCO, and SCR.

q.      "Plaintiff" means John Hall.

r.      "Plaintiffs" means John Hall and the class of persons he purportedly represents.

s.      "Qualified Settlement Fund" means the account created to hold settlement proceeds.

t.      "Released Claims" applies to the claims of Participating Plaintiffs, only for the weeks in which they claimed to have worked for Dominion Energy and means any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees that were or could have been asserted in the Action based on allegations of unpaid wages, overtime compensation, liquidated or other damages, unpaid costs, restitution or other compensation or relief arising under the FLSA and state wage and hour claims, in accordance with the respective Class Period, for weeks in which the individual claimed to have worked for any Releasee.

u.      "Releasees" means Dominion Energy, Inc., Virginia Electric and Power Company, Strategic Contract Resources, LLC, the Staffing Vendors, and the Dominion subsidiaries identified in Table 1.

v.      "Settlement Administrator" means JND Legal Administration.

w.      "Settlement Check" means the payment that each Settlement Class Member shall be entitled to receive pursuant to the terms of this Agreement.

x.      "Staffing Vendors" means the direct employers of the Settlement Class Members that staffed the Settlement Class Members to Dominion (*see* Table 2).

## RELEASES

1.      **Release**.  In consideration of the benefits to be received by Hall, Klapatch, and the Settlement Class Members under this Settlement, upon the Effective Date:

a.      Each Participating Plaintiff shall be deemed to have released and discharged the Releasees from the Released Claims in accordance with the Class Period, in weeks when the individual claimed to have worked for any Releasee. However, Klapatch shall not be deemed to have released his respective Staffing Vendor, as he shall not receive a share of the settlement other than an Enhancement Award.

b.      The Settlement Administrator shall include the following release language on the back of each settlement check:

By signing or cashing this check, I affirm my release of Dominion Energy, Inc., its subsidiaries, and the Staffing Vendor that supplied me to Dominion Energy, Inc. and/or one of its subsidiaries of all Released Claims as defined in the Settlement Agreement approved by the Court in *Hall, et al., v. Dominion Energy,* ("Action").  I affirm that I will not sue or assert any of

the Released Claims against any Releasee and I consent to opt-in to the Action and becoming a plaintiff in the Action.

      c.      Hall and Klapatch shall be deemed to have released and forever discharged for Dominion Energy, Inc., Virginia Electric and Power Company, Strategic Contract Resources, LLC, and the Dominion subsidiaries identified in Table 1 from any and all Released Claims, and, in addition, shall be deemed to have released Dominion Energy, Inc., Virginia Electric and Power Company, Strategic Contract Resources, LLC, and the Dominion subsidiaries identified in Table 1 from any and all claims, demands, rules or regulations, or any other causes of action of whatever nature, whether known or unknown, including but not limited to Title VII of the Civil Rights Act of 1964, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; The Genetic Information Nondiscrimination Act of 2008 (GINA); The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan); The Civil Rights Act of 1991; The Immigration Reform and Control Act; The Americans with Disabilities Act of 1990; The Family and Medical Leave Act; The Equal Pay Act; The Sarbanes Oxley Act; The Dodd-Frank Act; The Virginia Human Rights Act and all other state anti-discrimination statutes; the Virginia Payment of Wage Law and all other state wage and hour laws; or any claim for costs, fees, interest, or other expenses including attorneys' fees incurred in any matter; or any and all claims for bonuses, commissions or any claims for incentive compensation of any type, whether under common law or policy or contract, and any other federal, state or local human rights, civil rights, wage-hour, whistleblower, pension or labor laws, rules and/or regulations, public policy, any and all claims that were asserted or that could have been asserted in the Action, any claim for breach of contract, contract or tort laws, or any claim arising under common law, such as claims for malicious prosecution, misrepresentation, defamation, false imprisonment, libel, slander, invasion of privacy, negligence, claims based on theories of strict liability or respondeat superior, infliction of emotional distress, or otherwise, or any other action or grievance against Dominion Energy, Inc., Virginia Electric and Power Company, Strategic Contract Resources, LLC, and the Dominion subsidiaries identified in Table 1, based upon any conduct occurring through the date of the Court's Approval Order

## NOTICE AND SETTLEMENT IMPLEMENTATION

1.     **Court Approval.**    All terms and conditions of the Settlement Agreement are conditional on the approval of the Settlement Agreement by the Court.

2.     **Approval Motion.** By August 15, 2019, Plaintiff shall file a Consent Motion for Approval of Settlement Agreement, requesting that the Court approve the Settlement and allow Notice to be sent with the settlement Checks to the Settlement Class.

3.     **Notice by Settlement Administrator.** The Parties shall agree on a Settlement Administrator to distribute Notice and the Settlement Checks.

4.     **Class Data.** As soon as the Settlement Agreement is signed, Dominion will begin to undergo reasonable efforts to gather and provide the Settlement Class Members' names, phone numbers, email addresses, last known physical addresses, Social Security numbers, dates of employment, and updated payroll data, to a Settlement Administrator mutually agreeable to the Parties and Class Counsel, for each Settlement Class Member during the applicable Class Period ("Class List").. If a Staffing Vendor refuses to provide the necessary information, the Parties will seek assistance of the Court. The Settlement Administrator and Class Counsel agree to keep this information confidential and use it for the sole purpose of administering the settlement.

5.      **Address Verification.** In order to provide the best notice practicable, the Settlement Administrator, prior to mailing the Settlement Notice to each Settlement Class Member, will run the list of Known Settlement Class Members through the U.S. Postal Service's National Change of Address database ("NCOA") and perform a skip trace.

6.      **Notice by Mail and Email.** Within **five (5) business days** after receiving the Settlement Class Members' final individual settlement calculations, the Settlement Administrator shall mail and email (if email addresses are available) an agreed upon and approved Notice, along with settlement check, to each Settlement Class Member. The email shall have a scanned copy of the Notice and settlement check contained as an attachment. The text of the email shall be agreed upon by the Parties.

7.      **Handling of Returned Mail.** Any Settlement Notice returned to the Settlement Administrator with a forwarding address shall be re-mailed by the Settlement Administrator within **three (3) business days** following receipt of the returned mail. Before remailing, the Settlement Administrator shall call each Settlement Class Member to ensure the correct address, pursuant to an agreed upon script.

8.      **Settlement Check Expiry Date.** The settlement checks shall be valid for **one hundred and twenty (120) days**. The Settlement Administrator will send a reminder postcard after ninety (90) days regarding any uncashed checks.

9.      **Report by the Settlement Administrator**.  Approximately **ninety (90) days** after the checks are mailed to the Settlement Class Members, the Settlement Administrator shall provide counsel for the Parties with a final report showing each Settlement Class Members who negotiated their settlement checks.

## SETTLEMENT FUNDS AND AWARD CALCULATION

1.      **Gross Settlement Amount**.

    a.      **Deposit Date**.  Within **thirty (30) business days** after Court approval of the Settlement, Dominion shall ensure that the Gross Settlement Amount is wired to the Settlement Administrator. Upon receipt by the Settlement Administrator, these funds shall be transferred immediately to a Qualified Settlement Fund satisfying the requirements of Treasury Regulation Section 1.468B-1. The Settlement Administrator shall provide Dominion with a Section 1.468B-1 Relation Back Election that meets the requirements of Regulation Section 1.468B-1(j)(2) within five (5) business days after receipt of the funds.  Dominion shall execute and return this document to the Settlement Administrator which shall be affixed to the initial tax return of the Qualified Settlement Fund in order to establish the start date of the Qualified Settlement Fund.

    b.      **Disbursement by Settlement Administrator**.  All disbursements shall be made from the Qualified Settlement Fund.  The Settlement Administrator shall be the only entity authorized to make withdrawals or payments from the Qualified Settlement Fund.

2.      **Payments**.  The following amounts shall be paid by the Settlement Administrator from the Gross Settlement Amount:

5

a.    **Service Awards and Payment for General Release to Hall and Klapatch.** Hall shall receive Fifteen Thousand Dollars ($15,000.00) and Klapatch shall receive Five Thousand Dollars ($5,000.00) from the Qualified Settlement Fund for their efforts in bringing and prosecuting this matter, and in consideration of his general release set forth above.  This payment shall issue along with a Form 1099.  This payment shall be made within **five (5) business days after receiving the funds**.

b.    **Attorneys' Fees and Costs**.

(i)    Class Counsel shall receive attorneys' fees in an amount of thirty-five percent of the Gross Settlement Amount, which were negotiated separately from the Net Settlement Fund, and amount to $1,330,000.00, which will compensate Class Counsel for all work performed in the Action as of the date of this Settlement Agreement as well as all of the work remaining to be performed, including but not limited to documenting the Settlement, securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented, and obtaining final dismissal of the Action.  In addition, Class Counsel shall receive reimbursement of their out-of-pocket costs and settlement administration, which are capped at $100,000.00.  These payments of attorneys' fees and costs shall be made within **five (5) business days after receiving the funds**.  Unused costs will be redistributed to the Settlement Class Members.

(ii)    The attorneys' fees and costs paid by Dominion pursuant to this Agreement shall constitute full satisfaction of Releasees' obligations to pay amounts to any person, attorney or law firm for attorneys' fees or costs in this Action on behalf of Hall and/or any Settlement Class Member, and shall relieve Releasees from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled on behalf of Hall or any Settlement Class Member.

(iii)    A Form 1099 shall be provided to Class Counsel for the payments made to Class Counsel.  Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to them.

c.    **Settlement Administration Costs**.  Settlement Administration costs shall be paid from the costs allocated to Class Counsel.

d.    **Settlement Checks to Settlement Class Members.**  Settlement Checks shall be made available to the Settlement Class Members.

3.    **No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement.**  No person shall have any claim against Releasees, Class Counsel, or the Settlement Administrator based on distributions or payments made in accordance with this Settlement Agreement.

4.    **Reserve Fund.** The Parties negotiated a Reserve Fund of $281,091.85. The Reserve Fund shall be used by the Parties to resolve claim disputes, late claims, inadvertently omitted Settlement Class Members, and other related FLSA claims. It shall be distributed by agreement of the Parties. The Reserve Fund will remain active for 1 year after the funding date.

## CALCULATION AND DISTRIBUTION OF SETTLEMENT AWARDS

1. **Settlement Award Eligibility for Settlement Class Members**. All Settlement Class Members shall be allocated a Settlement Award from the Net Settlement Amount. The Settlement Awards are based on the following formula:

    a. Class Counsel calculated an award for each Settlement Class Member from the Net Settlement Amount based on the total number of hours and weeks that the respective Settlement Class Member claims to have worked during the Class Period.

    b. Each week overtime hours were worked shall equal one settlement share, and the total number of settlement shares for all Settlement Class Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure. That figure will then be multiplied by each Settlement Class Member's number of settlement shares to determine the Settlement Class Member's potential Settlement Award.

    c. All Settlement Award determinations shall be based on previously produced data for Settlement Class Members.

    d. The settlement award allocation is attached as Table 3.

2. **Tax Allocation.** Fifty percent (50%) of each Settlement Check shall be treated as back wages, and accordingly, for each Settlement Check, the Settlement Administrator shall effectuate federal and applicable state income and employment tax withholding as required by law with respect to 50% of each Settlement Check distributed, and the Settlement Administrator shall ensure payment of an employer's share of all required FICA and FUTA taxes on such amounts. Withholding shall be at the 22% supplemental wage tax rate. Tax payments shall be deposited into the Qualified Settlement Fund after the Settlement Checks are mailed, in addition to the Gross Settlement Amount. Amounts withheld will be remitted by the Settlement Administrator from the Qualified Settlement Fund to the appropriate governmental authorities. The remaining 50% of each Settlement Check shall be treated as non-wage penalties and liquidated damages, to be reported on an IRS Form 1099, and shall not be subject to FICA and FUTA withholding taxes.

3. **Reporting of Settlement Administrator.** The Settlement Administrator shall provide counsel with a final report of all proposed Settlement Checks, at least **three (3) days after receiving the funds**, before the Settlement Awards are mailed.

4. **Issuance of Notice.** The Settlement Administrator shall mail and email notices of Settlement Awards to Known Settlement Class Members within **five (5) business days after receiving the funds** or as soon as reasonably practicable. The Settlement Administrator shall then provide a written certification of such payments to counsel for the Parties. A reminder postcard will be mailed **ninety (90) days** after the initial mailing date to advise the Settlement Class Members of the Settlement Check Expiration Date. The Notice and Post Card are attached as **Exhibit 1**.

5. **Settlement Check Expiration Date.** All Settlement Award checks shall remain valid and negotiable for one-hundred twenty (120) days from the date of their issuance and may thereafter automatically be canceled if not cashed within that time, at which time the right to recover any Settlement Award will be deemed void and of no further force and effect.

6.    **Reversion of Unclaimed Funds.** All of the unclaimed Net Settlement Funds and Reserve Funds shall revert to Dominion.

7.    **Triggering the Release.** All Settlement Class Members who deposit, endorse, or otherwise negotiate the Settlement Award shall be considered Participating Plaintiffs and their claims against Releasees, as discussed in this Settlement Agreement, shall be extinguished.

## MISCELLANEOUS

1.    **Court Approval.** If the Court has questions about the Settlement Agreement, the Parties will work together to provide the information necessary to obtain the Court's ultimate approval, if necessary.  If the Court does not approve any term of the Settlement Agreement, the Parties will work together in good faith to revise the Settlement Agreement so that it receives approval by the Court.

2.    **No Admission of Liability.**  This Settlement Agreement and all related documents are not and shall not be construed as an admission by Releasees of any fault or liability or wrongdoing.

3.    **Defendants' Legal Fees.**  Defendants' legal fees and expenses in this Action shall be borne by each Defendant.

4.    **Inadmissibility of Settlement Agreement.**  Except for purposes of settling this Action, or enforcing its terms (including that claims were settled and released), resolving an alleged breach, or for resolution of other tax or legal issues arising from a payment under this Settlement Agreement, neither this Agreement, nor its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage in this Action or in any other proceeding.

5.    **Computation of Time.**  For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by FED. R. CIV. P. 6(a)(6)), such time period shall be continued to the following business day.

6.    **Interim Stay of Proceedings.**  The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement.

7.    **Amendment or Modification.**  This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

8.    **Entire Settlement Agreement.**  This Agreement constitutes the entire agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.  All prior or contemporaneous negotiations, memoranda, agreements, understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect.  Each of the Parties acknowledges that they

have not relied on any promise, representation or warranty, express or implied, not contained in this Agreement.

9.      **Authorization to Enter Into Settlement Agreement.**  Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.  The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Agreement.  In the event that the Parties are unable to reach resolution on the form or content of any document needed to implement this Agreement, or on any supplemental provisions or actions that may become necessary to effectuate the terms of this Agreement, the Parties shall seek the assistance of the mediator, Michael Dickstein, or the Court to resolve such disagreement.

10.     **Binding on Successors and Assigns.**  This Agreement shall be binding upon, and inure to the benefit of Plaintiff, Defendants, the Settlement Class Members and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize.

11.     **Counterparts.**  This Agreement may be executed in one or more counterparts, including by facsimile or email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  All executed copies of this Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

12.     **No Signature Required by Eligible Class Members.**  Only Hall will be required to execute this Settlement Agreement.  The Settlement Notice will advise all Known Settlement Class Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Participating Plaintiff.

13.     **Cooperation and Drafting.**  The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties.  The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

14.     **No Press Release**.  Neither party (including Defendants' Counsel and Class Counsel) shall issue a press release regarding this Agreement or the Settlement of the Action.  If the Parties are contacted by the press with regard to this Action or the Settlement, they will indicate only that the Parties reached a mutually satisfactory resolution of the Action.

15.     **Governing Law.**  All terms of this Settlement Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the Commonwealth of Virginia and the United States of America, where applicable.

16.     **Jurisdiction of the Court.**  The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their counsel submit to the jurisdiction

of the Court for this purpose.

IN WITNESS WHEREOF, the Parties and their counsel have executed this Settlement Agreement as follows:

**PLAINTIFF:** _____    Date: Aug 15, 2019 ____, 2019
John Hall (Aug 15, 2019)
John Hall

**DEFENDANTS:** _____    Date: _15_, 2019
By:

_Carlos M. Brown_____
Printed Name of Dominion Representative

_____    Date: _15_, 2019
By:

_Carlos M. Brown_____
Printed Name of VEPCO Representative

_____    Date: ____, 2019
By:

_____
Printed Name of SCR Representative

39639809.1

10

of the Court for this purpose.

IN WITNESS WHEREOF, the Parties and their counsel have executed this Settlement Agreement as follows:


**PLAINTIFF:**

_____     Date: _____, 2019
John Hall


**DEFENDANTS:**

_____     Date: _____, 2019
By:

_____
Printed Name of Dominion Representative

_____     Date: _____, 2019
By:

_____
Printed Name of VEPCO Representative

_____     Date: 8/14, 2019
By:

_____
Printed Name of SCR Representative

39639809.1

10

# EXHIBIT 1

# IMPORTANT NOTICE REGARDING UNPAID OVERTIME SETTLEMENT WITH DOMINION ENERGY, INC., *ET AL*.

To:      «First_Name» «Last_Name»

Re:      Your Right to Overtime Pay from Settlement with Dominion Energy, Inc., *et al*.

**THE AMOUNT OF THE ENCLOSED SETTLEMENT AWARD:  $_____**

## WHY AM I GETTING THIS NOTICE?

You are getting this notice and check because a lawsuit against Dominion Energy, Inc., Virginia Electric and Power Company, and Strategic Contract Resources, LLC (collectively, "Dominion") settled.  The lawsuit alleged that Plaintiff and certain hourly employees worked on Dominion projects, regularly worked overtime, and were paid straight time for overtime. Plaintiff argued that even though he was classified as exempt, he was not guaranteed a salary, and therefore no exemption applied.

Dominion denies these allegations and contends that you were properly classified as an exempt employee and contends it paid you lawfully and properly for your work.

THIS NOTICE IS TO INFORM YOU THAT **YOU ARE ENTITLED TO RECEIVE MONEY FROM A SETTLEMENT IN THIS CASE, AS DESCRIBED BELOW, IN THE SUM OF [SETTLEMENT SHARE]. YOU ARE NOT REQUIRED TO DO ANYTHING TO RECEIVE YOUR SHARE OF THE SETTLEMENT OTHER THAN ENDORSING AND DEPOSITING THE SETTLEMENT CHECK, AND AGREEING TO THE TERMS SET FORTH ON THE BACK OF THE CHECK, AS DESCRIBED BELOW. THE SETTLEMENT CHECK IS ENCLOSED WITH THIS NOTICE.**

## YOUR SHARE OF THE SETTLEMENT.

Your settlement payment was based on your work history with Dominion projects through which you performed services for Dominion, including the number of weeks and hours you worked in the relevant period.

Your settlement payment is: $«AMOUNT». You have 120 days to endorse and deposit this check.  If you don't cash the check, you will not be entitled to any compensation from Dominion or the Released Parties.

## WHAT HAPPENS IF I CASH MY CHECK?

In exchange for endorsing and agreeing to the language on the back of your check, cashing your check and obtaining your Settlement Award, you have agreed to join the unpaid overtime lawsuit against Dominion and to the following release of claims:

**In consideration for the payment of my settlement share, I am releasing all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees (defined below) that were or could have been asserted in this Action based on allegations of unpaid wages, overtime compensation, liquidated or other damages, unpaid costs, restitution or other compensation or relief arising under the FLSA and state wage and hour claims, in accordance with the respective Class Period for the time or weeks in which I worked for Releasees.**

"Releasees" means Dominion Energy, Inc., Virginia Electric and Power Company, Strategic Contract Resources, LLC, the Staffing Vendors, and the Dominion subsidiaries. You can get information on whether they are a Released Party by contacting Class Counsel.

You will be acknowledging that you are represented by Josephson Dunlap, LLP, Bruckner Burch PLLC, and Butler Royals, PLC (collectively "Class Counsel") and that you will be bound by the terms of the Professional Services Agreement signed by the Named Plaintiff, John Hall, in this case.

You will not have to pay Class Counsel any money directly. Dominion is paying attorneys' fees and costs as part of the settlement.

## WHAT DOES THE COURT THINK?

While the Court approved this settlement, the Court did not determine Dominion (or anyone else) did anything wrong. The Court did not determine you are owed any money. Instead, this is a settlement payment which the Court approved as fair and reasonable in light of the claims and defenses asserted.

## CONFIDENTIALITY

If you cash your check, you agree to keep the amount you are paid and all the terms of the settlement confidential and not disclose these to third parties, except you may disclose it to your spouse, or your tax advisor, or your legal counsel.

## WHAT DOES DOMINION THINK?

Dominion believes this settlement is a business solution to this dispute. Dominion has, at all times, disputed that it or its subsidiaries violated any law. It believes its pay practices are fully compliant with all laws and that the class members are not employees of Dominion.

## WHAT IF I HAVE OTHER QUESTIONS?

This notice is only a summary. If you have additional questions, please call Class Counsel at **[] or the Settlement Administrator at _____.** The 120-day deadline to cash your check will not be extended under any circumstances.

If you have questions, please call or email Michael Josephson or Richard Schreiber at Josephson Dunlap LLP, 11 Greenway Plaza, Suite 3050, Houston Texas 77046 (713) 352-1100 or info@mybackwages.com

**Please do not contact the Court regarding this settlement.  The Court must remain neutral in this matter and cannot offer you advice.**

<u>IMPORTANT REMINDER REGARDING DOMINION UNPAID OVERTIME SETTLEMENT</u>

Notice materials with settlement payments were recently mailed to you regarding the settlement of a lawsuit for alleged unpaid overtime brought against Dominion on behalf of certain employees who worked on Dominion projects alleging violations of the Fair Labor Standards Act. Records indicate that you are eligible to receive money under the settlement.

If you want to claim your pro rata share of money from the settlement, you must endorse the check contained in the notice materials on or before _____, 201__.  If you desire another copy of the notice materials, please contact the Settlement Administrator at the number listed below:

_____

_____

******

Or by E-Mail: _____

OVERTIME LAWSUIT AGAINST DOMINION
JOSEPHSON DUNLAP, LLP
11 GREENWAY PLAZA, SUITE 3050
HOUSTON, TEXAS 77046

**IMPORTANT LEGAL REMINDER**

**«FIRSTNAME» «LASTNAME»**
**«ADDRESS1»**
**«ADDRESS2»**
**«CITY» «STATE» «ZIP»**
**«COUNTRY»**

## TABLE 1 – DOMINION ENERGY, INC. SUBSIDIARIES

96WI 8me LLC

Alamo Solar, LLC

Align RNG Grady Road, LLC

Align RNG North Carolina, LLC

Align RNG Utah, LLC

Align RNG Virginia, LLC

Align RNG, LLC

Atlantic Coast Pipeline, LLC

Azalea Solar, LLC

Brandon Shores Coaltech LLC

BrightSuite Home, LLC

BrightSuite Solar, LLC

BrightSuite, Inc.

Brunner Island Refined Coal LLC

Buckingham Solar I LLC

Canadys Refined Coal, LLC

Cardinal Pipeline Company, LLC

Catalina Solar 2, LLC

CID Solar, LLC

Clean Energy Enterprises, Inc.

Clearsky Power & Technology Fund I, LLC

Clipperton Holdings LLC

CNG Coal Company

CNG Power Services Corporation

Correctional Solar LLC

Cottonwood Solar, LLC

Cove Point GP Holding Company, LLC

Dominion ACP Holding, Inc.

Dominion Alternative Energy Holdings, Inc.

Dominion Atlantic Coast Pipeline, LLC

Dominion Brine, LLC

Dominion Capital REMIC, Inc.

Dominion Capital Ventures Corporation

Dominion Capital, Inc.

Dominion Cogen WV, Inc.

Dominion Cove Point, Inc.

Dominion Energy Carolina Gas Services, Inc.

Dominion Energy Carolina Gas Transmission, LLC

Dominion Energy Cove Point LNG, LP

Dominion Energy Field Services, Inc.

Dominion Energy Fuel Services, Inc.

Dominion Energy Gas Holdings, LLC

Dominion Energy Generation Marketing, Inc.

Dominion Energy Kewaunee, Inc.

Dominion Energy Marketplace, LLC

Dominion Energy Midstream GP, LLC

Dominion Energy Midstream Partners, LP

Dominion Energy Nuclear Connecticut, Inc.

Dominion Energy Overthrust Pipeline, LLC

Dominion Energy Payroll Company, Inc.

Dominion Energy Questar Corporation

Dominion Energy Questar Pipeline Services, Inc.

Dominion Energy Questar Pipeline, LLC

Dominion Energy RNG Holdings, Inc.

Dominion Energy Services, Inc.

Dominion Energy Solar CA, LLC

Dominion Energy Solutions, Inc.

Dominion Energy South Carolina, Inc.

Dominion Energy Southeast Services, Inc.

Dominion Energy Technical Solutions, Inc.

Dominion Energy Technologies II, Inc.

Dominion Energy Technologies, Inc.

Dominion Energy Terminal Company, Inc.

Dominion Energy Transmission, Inc.

Dominion Energy Wexpro Services Company

Dominion Equipment III, Inc.

Dominion Equipment, Inc.

Dominion Fairless Hills, Inc.

Dominion First Source, LLC

Dominion Fowler Ridge Wind, LLC

Dominion Gas Projects Company, LLC

Dominion Gathering & Processing, Inc.

Dominion Generation, Inc.

Dominion Greenbrier, Inc.

Dominion High Voltage Holdings, Inc.

Dominion High Voltage MidAtlantic, Inc.

Dominion Investments, Inc.

Dominion Iroquois, Inc.

Dominion Keystone Pipeline Holdings, Inc.

Dominion Keystone Pipeline, LLC

Dominion Land Management Company - Williamsburg

Dominion Lands - Williamsburg, Inc.

Dominion Lands, Inc.

Dominion MLP Holding Company II, Inc.

Dominion MLP Holding Company III, Inc.

Dominion MLP Holding Company, LLC

Dominion Modular LNG Holdings, Inc.

Dominion Mt. Storm Wind, LLC

Dominion North Star Generation, Inc.

Dominion Nuclear Projects, Inc.

Dominion Oklahoma Texas Exploration & Production, Inc.

Dominion Person, Inc.

Dominion Privatization Florida, LLC

Dominion Privatization Georgia, LLC

Dominion Privatization Holdings, Inc.

Dominion Privatization Kentucky, LLC

Dominion Privatization South Carolina, LLC

Dominion Privatization Texas, LLC

Dominion Privatization Virginia, LLC

Dominion Products and Services, Inc.

Dominion Projects Services, Inc.

Dominion Resources Capital Trust III

Dominion Solar Construction and Maintenance, LLC

Dominion Solar Gen-Tie, LLC

Dominion Solar Holdings I, LLC

Dominion Solar Holdings II, LLC

Dominion Solar Holdings III, LLC

Dominion Solar Holdings IV, LLC

Dominion Solar Projects A, Inc.

Dominion Solar Projects B, Inc.

Dominion Solar Projects C, Inc.

Dominion Solar Projects D, Inc.

Dominion Solar Projects I, Inc.

Dominion Solar Projects II, Inc.

Dominion Solar Projects III, Inc.

Dominion Solar Projects IV, Inc.

Dominion Solar Projects V, Inc.

Dominion Solar Projects VI, Inc.

Dominion Solar Projects VII, Inc.

Dominion Solar Services, Inc.

Dominion State Line, LLC

Dominion Systems Group, LLC

Dominion Voltage, Inc.

Dominion Wholesale, Inc.

Dominion Wind Development, LLC

Dominion Wind Projects, Inc.

Eagle Holdco Solar, LLC

Eagle Solar, LLC

Eastern Shore Solar LLC

Enterprise Solar, LLC

Escalante Solar I, LLC

Escalante Solar II, LLC

Escalante Solar III, LLC

Farmington Properties, Inc.

First Dominion Capital, L.L.C.

Four Brothers Solar, LLC

Fowler I Holdings LLC

Fowler Ridge Wind Farm LLC

Fremont Farm, LLC

Governor's Land Associates

Granite Mountain Holdings, LLC

Granite Mountain Solar East, LLC

Granite Mountain Solar West, LLC

Greenbrier Marketing Company, LLC

Greenbrier Pipeline Company, LLC

Greensville County Solar Project, LLC

Hecate Energy Cherrydale LLC

Hecate Energy Clarke County LLC

Hope Gas, Inc.

Imperial Valley Solar Company (IVSC) 2, LLC

Indy Solar Development, LLC

Indy Solar I, LLC

Indy Solar II, LLC

Indy Solar III, LLC

Innovative Solar 37, LLC

Iron Springs Holdings, LLC

Iron Springs Solar, LLC

Iroquois Gas Transmission System L.P.

Iroquois GP Holding Company, LLC

Louisa Refined Coal, LLC

Louisiana Hydroelectric Capital, LLC

Magnolia Holding Company LLC

Maricopa West Solar PV, LLC

Moffett Solar 1, LLC

Moorings Farm 2, LLC

MPH Energy Midco, LP

Mulberry Farm, LLC

Mustang Solar, LLC

NE Hub Partners, L.L.C.

NE Hub Partners, L.P.

NiCHe LNG, LLC

NiCHe Storage Solutions, LLC

NYSEARCH Robotics, LLC

Pavant Solar LLC

Pikeville Farm, LLC

Pine Needle LNG Company, LLC

Prairie Fork Wind Farm, LLC

PSNC Blue Ridge Corporation

PSNC Cardinal Pipeline Company

PSNC Southgate, LLC

Public Service Company of North Carolina, Incorporated

QPC Holding Company

Questar Energy Services, Inc.

Questar Field Services, LLC

Questar Gas Company

Questar InfoComm, Inc.

Questar Southern Trails Pipeline Company

Questar White River Hub, LLC

RE Adams East LLC

RE Camelot LLC

RE Columbia Two LLC

RE Columbia, LLC

RE Kansas LLC

RE Kent South LLC

RE Old River One LLC

RePower South, LLC

REV LNG SSL BC LLC

Richland Solar Center, LLC

Ridgeland Solar Farm I, LLC

Sappony Solar LLC

SBL Holdco, LLC

SCANA Communications Holdings, Inc.

SCANA Corporate Security Services, Inc.

SCANA Corporation

SCANA Energy Marketing, Inc.

SCANA Pharmacy LLC

Scott-II Solar LLC

Selmer Farm, LLC

Siler Solar, LLC

Somers Solar Center, LLC

South Carolina Fuel Company, Inc.

South Carolina Generating Company, Inc.

Southampton Solar LLC

SRFI, LLC

Stonehouse Development Company, LLC

Summit Farms Solar, LLC

TA - Acacia, LLC

The East Ohio Gas Company

Tioga Properties, LLC

Tredegar Solar Fund I, LLC

TWE Myrtle Solar Project, LLC

Vidalia Gichner Holdings, Inc.

Virginia Electric and Power Company

Virginia Power Fuel Corporation

Virginia Power Nuclear Services Company

Virginia Power Services Energy Corp., Inc.

Virginia Power Services, LLC

Virginia Solar 2017 Projects LLC

VP Property, Inc.

Wakefield Solar, LLC

Wexpro Company

Wexpro Development Company

Wexpro II Company

White River Hub, LLC

Wilshire Holdings LLC

Wilshire Technologies, LLC

39507302.1

**Table 2 – Staffing Vendors**

| | |
|---|---|
| Absolute Consulting, Inc. | Mesa Associates LLC |
| AECOM  Technology Corp. | Metro Systems, Inc. |
| Aegis Environmental Inc. | Morton Consulting, LLC |
| AgileOne | Mott McDonald, LLC |
| APC by Schneider Electric | Myta Technologies, LLC. |
| AppleOne Employment | National Computing Group |
| Astyra Corp. | Navtech |
| Atlantic Resource Group, Inc. | NES Global Talent |
| BAR Scheduling, LLC | Nuclear Energy Consultants |
| BranCore Technologies, LLC | On-Board Services, Inc. |
| Bridge Energy Group | Planet Forward |
| Capricorn Systems, Inc. | Point Power, Inc. |
| Core Consulting, Inc. | Progressive Design, Inc. |
| Corestaff Services | Progressive Global Energy |
| Data Concepts, Inc. | Sargent & Lundy, LLC |
| Defined Source Cooperative Inc. | SLAIT Consulting, LLC |
| Enercon Services, Inc. | Spectraforce Technologies, Inc. |
| Engstorm, Inc | Spencer Ogden, Ltd. |
| Equity Personnel | Stefanini, Inc. |
| Fahrenheit IT, Inc. | Strategic Contract Resources, Inc. |
| FDR Safety LLC | TalentBurst, Inc. |
| FootBridge Energy Services | TEC Industrial |
| Key Personnel, Inc. | Techead |
| LanceSoft, Inc. | Total Design Services, Inc. |
| Leading Edge, Inc. | Work Management Inc. |
| Maconit, Inc. | Zachry Nuclear Engineering Inc. |
| Managed Staffing, Inc. | |

38132878.1

**Table 3 – Settlement Allocations**

| Name | Net Settlement Amount |
| --- | --- |
| 1 | 10,783.93 |
| 2 | 7,235.84 |
| 3 | 30,828.07 |
| 4 | 8,211.54 |
| 66021 | 6,978.44 |
| 271591178 | 982.40 |
| 479467550 | 18,058.81 |
| 2813879651 | 589.38 |
| 3779483770 | 1,270.25 |
| 3785081781 | 1,230.16 |
| 3915280350 | 53.07 |
| 4393341894 | 2,369.17 |
| 5402550905 | 3,714.80 |
| 6271974806 | 1,297.09 |
| 7276163991 | 19,663.33 |
| 8109242409 | 694.04 |
| 9195708066 | 96.73 |
| Adams, Ian J | 212.11 |
| Ade, Haritha | 2,222.61 |
| Aman, Dave | 6,009.62 |
| Andreadakis, Kleanthis | 1,243.68 |
| Ashrook, Arthur | 20,555.79 |
| Ataee, Amir | 45,575.10 |
| Awasarmol, Pramod | 3,727.39 |
| Badarinatha, Niji | 21,160.22 |
| Bagga, Anil | 352.72 |
| Baig, Moe | 519.84 |
| Barth, Curtis | 129.32 |
| Bass, Shawn | 1,220.75 |
| Bean, David | 2,670.50 |
| Beauchamp, Dan | 7,624.23 |
| Bethea, Candace | 1,148.99 |
| Bilgin, Murat | 847.49 |
| Birnie, Ian | 8,962.70 |
| Bishop, Geoffrey | 306.10 |
| Blankenship, Michelle | 96.99 |
| Bohan, Richard | 4,198.09 |
| Bond, Bruce | 14,064.50 |

| | |
|---|---|
| Boulanger, James | 43,285.14 |
| Bowes, Scot | 13,864.57 |
| Brackett, Steve | 169.33 |
| Branch, Eric | 1,330.42 |
| Brock, Janet | 3,093.70 |
| Brooks, Chris | 34,206.13 |
| Brooks, Gregory T | 9,450.17 |
| Broom, Arthur | 11,921.28 |
| Bruce, Edward D | 8,157.02 |
| Buffardi, Stephen | 2,424.67 |
| Burgess, Kristopher | 6,526.40 |
| Burleson, Jerry W | 2,525.25 |
| Butler, Keith | 1,115.80 |
| Butler, William P | 5,666.53 |
| Cantrell, David | 43.11 |
| Canupp, Charles | 767.81 |
| Carignan, Robert | 3,338.86 |
| Castillo, David L | 188.59 |
| Cezintseva, Maria Y | 13,273.28 |
| Chapple, Dawn | 2,204.85 |
| Chen, En D | 5,905.41 |
| Chenault, Whit | 920.90 |
| Choudhary, Aparajita | 4,793.54 |
| Clancy, William T | 16,317.07 |
| Coffman, Clifton | 361.23 |
| Coleman, Tresseline | 215.76 |
| Conlan, Rusty | 12,039.15 |
| Cooper, Charles | 568.99 |
| Corbett, Breon | 4,787.71 |
| Cordle, Cameron | 784.20 |
| Cox, Tomika | 22.00 |
| Crider, Hasani | 280.18 |
| Cristie, Prathik | 1,817.15 |
| Cronin, Chris | 24,743.49 |
| Curley, John | 6,317.07 |
| CW | 1,324.03 |
| Davis, William M. | 1,427.24 |
| Daye, Barbara | 647.10 |
| Delfico, Joseph | 3,495.44 |
| Dev, Virochan | 223.26 |
| Dobson, Andrew | 4,094.99 |

| | |
|---|---|
| Drab, Francis | 1,400.92 |
| Draus, Lawrence | 358.20 |
| Durham, Carl | 8,183.70 |
| Duyvestyn, Glenn | 184.53 |
| Edmiston, Jody | 1,508.68 |
| Elam, Michael | 2,447.96 |
| Engle, Angela | 2,963.48 |
| Engle, Lindsay | 40.41 |
| Evans, Julie W | 16,996.02 |
| Ewin, John | 3,585.42 |
| Farr, George | 6,334.44 |
| Farrow, Chanae | 1,128.26 |
| Feagley, Matthew | 1,263.16 |
| Fecteau, Thomas G | 3,771.70 |
| Fernandez, Gilbert | 3,318.60 |
| Foderingham Jr., Rogelio | 407.03 |
| Fordyce, Stephen | 170.26 |
| Foster, Brad | 27,910.61 |
| Frame, Matthew | 202.06 |
| Fremin, Jonathan | 735.91 |
| Gaal, David | 59.90 |
| Gandhavalli, Ben | 1,931.51 |
| Gardiakos, Vasiliki | 1,209.66 |
| George, Pryia | 8,295.10 |
| Gilbert, Michele | 92.95 |
| Gille, Kathleen | 9,057.73 |
| Glock, Neil | 128.87 |
| Gokey, William | 729.20 |
| Goldstein, David | 217.20 |
| Gore, Thomas | 4,252.15 |
| Graf, James | 6,088.92 |
| Graham, John | 561.09 |
| Griffis, Lee | 4,350.39 |
| Grillo, Ryan | 3,410.25 |
| Grindle, Donald E | 2,120.01 |
| Gunuganti, Venu | 246.96 |
| Guo, Zhihao | 21.10 |
| Gupta, Nidhi | 370.67 |
| Hall, John | 890.84 |
| Gupta, Sonal | 511.99 |
| Hamilton, Jerry | 1,796.05 |

| | |
|---|---|
| Hammerschmidt, Sarah | 390.89 |
| Hammond, Joey | 9,579.57 |
| Hancock, Ruth | 1,451.34 |
| Hannon, Daniel | 13,702.84 |
| Hansard, Amy | 3,502.53 |
| Hare, Michael | 771.76 |
| Harney, Renee | 0.22 |
| Hasenstab, Michael | 4,546.25 |
| Hawkins, Ralph | 17,049.05 |
| Hearn, Celeste L | 2,860.21 |
| Herkamp, Paul | 5,304.77 |
| Hill, Jerry | 8,710.17 |
| Holmes, Christian | 1,160.25 |
| Hoover, Donald R | 1,141.61 |
| Hunter, Harry | 243.14 |
| Irving, Lewis P | 35,905.38 |
| Irwin, Michael | 93.39 |
| Jackson, Elizabeth | 3.88 |
| Jagadeesh, Sindoor | 1,072.81 |
| Jamison, Michael | 20,618.65 |
| Janapareddy, Satya Siva Kishore | 15,172.13 |
| Jeter Jr, Hatcher | 13,270.31 |
| Jha, Sunil | 5,956.30 |
| Johnson, Patrick | 5,592.05 |
| Jones, Edward H. | 2.64 |
| Jones, Hollace A | 6,903.29 |
| Joyce, Ryan T | 581.73 |
| Judy, Jeffrey | 329.30 |
| Kadar Jr, Stephen | 2,644.68 |
| Kascsak, Rebecca | 816.30 |
| Kashalkar, Gaurav | 5,013.45 |
| KH | 514.84 |
| Kirkland, Larry | 172.87 |
| Kjar, Melanie | 118.20 |
| Klempa, David | 61.74 |
| Knickerbocker, David W | 1,802.94 |
| Knight, James | 11,275.78 |
| Knower, Thomas M | 7,956.60 |
| Kodari, Narasimha | 3,075.15 |
| Kothari, Ankit | 23,239.10 |
| Kotsch, Thomas | 4,625.68 |

| | |
|---|---|
| Kumar, Sumit | 3,219.50 |
| Lambert, Bradley | 3,482.09 |
| Lanceta, Dennis | 723.81 |
| Layton, Sheri | 814.62 |
| Leonard, Tacarci | 914.64 |
| Levario, Matthew | 54,053.92 |
| Lewis, Billy | 9,806.43 |
| Lewis, Randy | 11,412.10 |
| Lightfoot, Jeronn L | 42,118.27 |
| Linzenmeyer, Mark A | 9,221.60 |
| Livingston, Dean | 341.68 |
| Lo Wei Cheng, Jerry | 418.55 |
| Long, Bryant | 157.56 |
| Long, Daniel | 8,477.22 |
| Loy, Justin | 307.12 |
| Machado, Greg | 22,822.76 |
| Maddox, Bryan R | 8,997.29 |
| Madison, Guy | 1,702.66 |
| Mangamuri, Surendra | 465.38 |
| Martin, James | 4,467.81 |
| Martin, Sharon | 2,871.23 |
| Matejowsky, Sean | 1,879.06 |
| Matthews, Craig | 5,368.28 |
| Maurya, Sanjay | 5,402.52 |
| McCormick, Steven | 3,436.78 |
| McDonald, Christiaanna C | 14.03 |
| McPhee, Kevin | 6,005.09 |
| Meade, Claude | 6,424.11 |
| Mercier, Daniel | 7,799.35 |
| Miller, Amy | 1,097.57 |
| Miller, James | 38,154.39 |
| Minor, Jamarl | 2,381.56 |
| Mitchell, Tammy | 1,760.31 |
| Mittal, Saurabh | 6,121.10 |
| MO | 1,717.11 |
| Mohanty, Sitesh | 9,014.63 |
| Montaperto, Randy | 68,339.70 |
| Mooney, Christopher | 170.02 |
| Moore, Arbedella D | 485.83 |
| Moore, Donald Eugene | 4,072.84 |
| Morelli, James | 23,228.31 |

| | |
|---|---|
| Morgan, Max | 6,144.18 |
| Morrison, Greg | 148.85 |
| Moss, Gerald | 11,306.46 |
| Moyer, David L | 11,917.25 |
| Muller, Christopher | 305.13 |
| Mullooly, Kimberly J | 478.93 |
| Nagabandi, Chandra | 846.30 |
| Naik, Divakara | 2,173.70 |
| Naus, Richard | 223.84 |
| Naveed Ashraf, Muhammad | 520.41 |
| Nayak, Sachin | 3,852.36 |
| Nayak, Seema | 182.30 |
| Nelson, Dale J | 33,396.65 |
| Neppala, Usha | 712.72 |
| Nevins, Kyle | 881.32 |
| Nimmo, Stephan | 1,441.33 |
| Nowak, Wojciech | 6,050.44 |
| Ocran Properties Inc | 1,378.49 |
| Oliver, Robert | 1,745.76 |
| Olvera, Ramon | 3,017.36 |
| Oneil, Brian | 20.21 |
| Orcholski, Michael | 34,403.34 |
| Ortiz, Damien | 8,151.04 |
| Otero, Adam D | 1,021.56 |
| Owen, James J | 1,126.29 |
| Pace, George | 86.43 |
| Pajjuril, Sandhya | 671.27 |
| Patel, Amita | 5,430.14 |
| Patel, Chirag S. | 8,586.79 |
| Patel, Niraj | 11,047.12 |
| Patterson, Charles A | 2,092.84 |
| Petta, Christopher | 3,284.82 |
| Pexton, Donald | 11,907.81 |
| Piccolo, Joseph | 1,733.22 |
| Pickelhaupt Jr, John | 373.93 |
| Plummer, James N. | 3,523.97 |
| Polling, Kelly | 1,612.40 |
| Powers, Anthony | 17,842.35 |
| Price, Dexter | 2,076.23 |
| Radziwilko, Kasia | 355.62 |
| Ramberg, Allen | 11,696.89 |

| | |
|---|---|
| Rana, Dhaval R | 3,156.04 |
| Ravipati, Sasikala | 9,019.93 |
| Reasons, Preston | 9,623.91 |
| Reust, Nancy | 727.15 |
| Rhodes, Robert L. | 1,394.18 |
| Richards, James | 29,502.73 |
| Riegel, Amanda | 953.27 |
| Robinson, Edward | 4,251.03 |
| Robinson, Jessica | 395.13 |
| Robinson, Theresa R | 1,412.14 |
| Robles, Jorge | 17,707.67 |
| Rockwell, Norman K. | 8,597.70 |
| Rogers, Kathryn | 61.07 |
| Roles, Agee | 9,100.09 |
| Ropelewski, Karl | 116.57 |
| Roscoe, Chad | 11,415.87 |
| Rosen, Jeremy | 117.30 |
| Rubino, Martin | 1,354.41 |
| Ruiz, Katrina | 24.25 |
| Ryder, Timothy | 7,351.23 |
| Sagiraju, Subbaraju | 4,253.05 |
| Sali, Kamala | 76.75 |
| Samaniego, Kenneth | 9.43 |
| Sanderson, Robert | 3,290.81 |
| Sandiford, Aeisha | 75.43 |
| Schneider, Joseph | 215.53 |
| Sciantarelli, Paul | 16,447.80 |
| Scott, Darlene G | 690.83 |
| Seay, Marianne A | 269.41 |
| Severns, Patrick | 158.05 |
| Shah, Chirag | 379.42 |
| Shah, Sanjiv S | 198.55 |
| Shaik, Mohammed Ali | 12,615.94 |
| Sheridan, Patrick | 21.50 |
| Shields, Michael | 190.38 |
| Shipe, William L | 4,645.09 |
| Siddiqui, Adnan | 1,359.11 |
| Sinclair, Brendan | 6,457.94 |
| Singh, Ashwani | 2,513.15 |
| Siromoni, Sunitha | 302.24 |
| Slade,Jason | 1,450.31 |

| | |
|---|---|
| Smith, Chris | 1,869.20 |
| Smith, Jordon W | 323.29 |
| Smith, Robert | 390.52 |
| Smith, Sarah | 409.50 |
| Smith, Thomas | 3,549.44 |
| Snead, Devan | 25.56 |
| Snively, Lynn | 11,291.26 |
| Socha, Edwin | 16.16 |
| Solomon, Grant | 466.00 |
| Somisetty, Ankammarao | 2,611.69 |
| Spackman, Chris | 904.31 |
| Spratt, Jedidiah | 7,034.77 |
| Stephens, Tricia | 29.75 |
| Stewart, Donald | 9,764.71 |
| Stewart, Keith A | 2,727.14 |
| Stowers, Danny | 316.10 |
| Strickland, Matthew W | 22,075.32 |
| Surprenant, Bruce | 4,958.78 |
| Sutterfield, Sara | 5,638.06 |
| Szostak, Bryan | 39,348.08 |
| Tetreault, Jedd M | 17,787.93 |
| Thekudalai, Kalungumeera | 17,247.77 |
| Thiele, Timothy | 1,018.57 |
| Thomas, Deborah M. | 14,692.57 |
| Thomas, Deitra | 5,309.57 |
| Thompson Jr, Francis | 2,692.38 |
| Thompson, D Marshall | 5,083.90 |
| Thompson, Eugene Gregory | 6,676.71 |
| Thompson, Robert | 121.23 |
| Thornbrue, Michael | 17,172.93 |
| Thulasi, Maha | 8.81 |
| Tindall, James | 4,076.53 |
| Toft, James E | 4,601.96 |
| Tolbert, Ronald E | 1,268.24 |
| Torres, Victor | 471.46 |
| Treglown, Heath | 9,824.24 |
| Tripuraneni, Jyotsna | 92.39 |
| Trivedi, Piyush | 5,115.87 |
| Tschirhart, Mary | 68.88 |
| Turpin, David | 2,558.47 |
| Tusing, Bruce W | 9,223.68 |

| | |
|---|---|
| Ubinas, Eduardo | 124.34 |
| Unterberger, Charles | 9,934.40 |
| Vecchio, Jennifer | 581.95 |
| Venkatachalam, Gopalakrishnan | 1,205.08 |
| Voss, John | 14,514.31 |
| Wade, Kenneth O | 5,921.92 |
| Wade, Linda F | 3,719.17 |
| Walker, Cathi | 850.61 |
| Wall, Christopher | 4,845.06 |
| Wall, Clarence | 57.58 |
| Wallace, Nicholas A | 2,832.72 |
| Waters Jr., Raymond L | 1,750.27 |
| Waters, Daniel | 3,323.01 |
| Weimer, Bryan K | 4,581.07 |
| Wells, Chiquita | 321.04 |
| Wells, William | 1,131.64 |
| Were, Fred | 2,064.07 |
| White, Chad | 8,890.45 |
| White, Deborah | 3,661.70 |
| Wiernicki, Maurice | 28,345.06 |
| Wilda, Douglas | 151.44 |
| Wilkerson, Donald L | 12,569.34 |
| Wilson, Clyde | 200.31 |
| Wood, Bruce | 1,255.65 |
| Wood, Jeff | 9,113.61 |
| Wood, Peyton | 12,553.31 |
| Woods, Sherry | 6,324.34 |
| Wright, Duane | 6,450.06 |
| Xie, Yunjuan | 1,444.00 |
| Yelich IV, Louis James | 1,212.33 |
| Young, Donnie M | 3,877.75 |
| Younger, Shawn | 666.33 |
| Zawada, Mark A | 22,091.79 |
| Zuvic, Drina | 10,107.10 |
| **Total** | 2,068,908.15 |